The judgment of the court was pronounced by
Eustis, C. J.
The plaintiff having died since this appeal was taken, his administrator has been made a party. This action was instituted by the deceased plaintiff to recover from the defendant a plantation and two slaves, which he alleges he purchased from the defendant and his wife, by authentic act, dated April 14th, 1840. He claims also rent for the land, and wages for *204 the slaves since that time, with a privilege on the growing crop for the same. The crop and the slaves were seized under a writ of sequestration, which the defendant moved to set aside, on the ground of the insufficiency of the plaintiff’s affidavit. The motion failed in the district court, and we are called upon to review the decision. The affidavit states, that the plaintiff has reason to believe and fear that the defendant will sell or dispose of said crop, or cause to be removed said slaves from the State, during the pendency of the suit. The objection taken by the counsel for the defendant to the sufficiency of the affidavit is, that the plaintiff does not swear to the ownership of the land or slaves. It is evident, that without this asseveration, there is no cause for the sequestration, and that the plaintiff has not brought himself within the provision of tho 276th article of the Code of Practice, regulating the issuing of writs of sequestration. The affidavit is palpably defective also in point of certainty : it is not positive, but in the alternative. The district court therefore erred in maintaining the sequestration.
The answer of the defendant admits the execution of -the act of sale; but avers that it was made solely for the purpose of effecting a loan for his benefit, which the plaintiff represented he had influence to procure from the Bank of Louisiana; that the plaintiff failed to procure the loan, but did not re-transfer the property, as he was bound and promised to do. and that in not re-transferring the property, he, the plaintiff, acted in bad faith ; that no money was paid, and no consideration passed for the sale, and that plaintiff was notoriously poor and needy at the time, and utterly unable to pay the sum of $10,000, stated in the ac.t to be the price of the property, ,&c.; that no .change took place in the possession of said property, by reason of said sale, the said plaintiff never having disturbed the defendant, i,n the uninterrupted possession and ownership thereof.
Ther.e was a verdict for the plaintiff, giving him the land and slaves, and a certain sum for rent .and wages of the latter. From the judgment rendered on this v.erd.i.ct the plaintiff has appealed.
The defendant in his answer has made out a case of simulation, and nothing more. It is not alleged that -the act of sale was brought about by any fraud or mal-practice on the part of the plaintiff, or that his free eonsent was not given to it, as well as that of his wife, who joined in the act. The purpose of getting a loan from the bank, the parties both concurred in, and in this respect the good faith of the plaintiff does not appear to be questioned. The injury consists in the plaintiffs not having effected the loan, and, in that event not re-transferring the property back to the .owner; which is the injury of which the parties seeking relief always complain of in cases of simulation.
In relation to the proof of simulation, it has always been held in our courts, that no other evidence is admissible to establish it between the parties to the act than a counter letter, or evidence in writing, equivalent to a counter letter. Labadie v. Poydras, 3d Ann. 154, and cases there cited. Broussard v. Sudrique, 4 L. R. 351. Pothier on Obligations, § 765. 9 Toulier, § 184.
The bills of exception, taken by the counsel for the defendant, to the decision of the district court, refusing to receive the depositions of witnesses to establish the matters set up as a defence in the defendants answer, cannot therefore be sustained; the court having decided in conformity with the law, in excluding such testimony. It appears that the judge, on the trial of the cause, would not permit a certain letter from the plaintiff to the defendant, dated the 13th of March, 1842, to be read to the jury. The letter does not. of itself appear *205 to be connected with, or to speak-of the sale of the land and slaves, which is the subject of this controversy, nor was it attempted to establish any such connection by legal evidence. We therefore consider the decision of the judge cdrrect.
The counsel for the defendant requested the court to charge the jury: that, as the testimony in relation to the possession of defendant, had been received, and the plaintiff’s bill of exceptions to its reception taken, and no motion made by plaintiff’s counsel, or order .of court to strike it out, that, notwithstanding the .charge of the court, not to regard the testimony so received, that the j.ury had a perfect right to examine said testimony and to weigh its contents and to decide upon it with the balance of the evidence, should they think proper to differ with the court in opinion on that subject.
If there had been any thing before the jury, which, taken in connection with the possession, would have been a legal defence to the plaintiff’s action, the judge ought so to have presented the matter to the jury; but the possession of itself presenting no obstacle to the plaintiffs recovery, under the act of sale from the defendant, the juiy were bound so to have considered it, and not to regard the testimony establishing it.
The judgment of the district court in the principal cause is therefore affirmed. That which maintains the sequestration of the slaves and crop is reversed, and said sequestration set aside, with the costs thereof, the appellee paying the costs of this appeal.